IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY D. NEWTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-11-578-C |
| ) | |
| CAROLYN COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's application for disability insurance benefits was denied by the Social Security Administration. Plaintiff then filed the present action seeking review of the Agency's decision. On August 31, 2011, the Court remanded the matter to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g). On remand, the Commissioner issued a Notice of Award, awarding Plaintiff benefits. Plaintiff's counsel now seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b).

The contingent fee agreement executed between Plaintiff and his counsel indicated that if Plaintiff were awarded benefits he would pay counsel a fee not exceeding 25% of the past due award. Now that the Notice of Benefit has been issued, counsel seeks an award of attorney's fees in accord with that agreement. By prior Order, the Court granted Plaintiff's motion pursuant to Fed. R. Civ. P. 60, reopening the case so that this motion for attorney's fees could be timely filed. Plaintiff's present Motion is therefore timely filed.

In the Motion, Plaintiff's counsel seeks a fee of $2,836.60. Governing this request is 42 U.S.C. § 406(b)(1)(A), which states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

Where a contingent fee agreement is in place, the Court must examine the reasonableness of its terms and reduce an award as appropriate "based on the character of the representation and the results the representative achieved." Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). In support of the motion, counsel has attached a time report demonstrating that counsel expended approximately 5.3 hours of attorney time and 3.8 paralegal hours in performing the work before the Court. After considering the extent of work performed, the result obtained, and the fee award sought, the Court finds the amount to be a reasonable fee for the work performed. Indeed, the benefits awarded to Plaintiff certainly justify the amount of time spent by the firm handling the case and the evidence before the Court offers nothing to suggest that the character of the representation or the results achieved were in any way deficient. Because Plaintiff's counsel previously sought and received a fee award pursuant to EAJA, that award must be refunded to Plaintiff. The EAJA award was $1,344.60, and that amount shall be credited against the amount awarded here.

As set forth more fully herein, Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 20) is GRANTED. Plaintiff's counsel is awarded a fee in the amount of $2,836.60. Pursuant to 42 U.S.C. § 406(b), this amount shall be paid to Steve A.

Troutman of Troutman & Troutman, P.C. Because Plaintiff was previously awarded fees under the EAJA, he is entitled to a credit of the smaller EAJA award, which the firm shall apply to the fees awarded herein.

IT IS SO ORDERED this 23rd day of April, 2014.

ROBIN J. CAUTHRON
United States District Judge